UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APRIL COLLINS,

    Plaintiff,

v.                                              CASE NO.: 8:22-cv-776-CEH-AEP

KRUSHIMI TWO, LLC, d/b/a
Hungry Howie's Pizza

    Defendant.

_____/

**JOINT MOTION FOR STIPULATED**
**JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT**

    Plaintiff, APRIL COLLINS, (the "Plaintiff"), and the Defendant, KRUSHIMI TWO, LLC, d/b/a Hungry Howie's Pizza ("Defendant" or "Hungry Howie's") (collectively, the "Parties"), jointly request this Court approve the Parties' settlement of the above-captioned matter. Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA") and Florida law. The Parties to this action are seeking Court approval of the settlement. The Parties' executed Release Agreement (the "Agreement") is attached as **Exhibit "A**."

**STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

    Plaintiff worked for Hungry Howie's as a store manager from October 2021 until January 2022. Plaintiff was to be paid $800 a week, which equated to $133.33 per shift assuming that Plaintiff worked six equal-length shifts per week. A dispute

arose between the parties as to whether Plaintiff was working her assigned shifts. Hungry Howie's terminated Plaintiff and provided her a $100 final check.

Plaintiff contends that this check did not properly compensate her for work she performed between December 20, 2021, and January 5, 2022.

On April 1, 2022, Plaintiff filed this action against Defendant, Hungry Howie's, seeking damages for alleged violations of the FLSA and for breach of contract under Florida common law.

After extensive settlement negotiations between counsel by telephone and electronic mail, the Parties reached an agreement to settle the case and now request this Court's entry of a stipulated judgment approving the Parties' settlement agreement, and dismiss all claims with prejudice.

During negotiations, Plaintiff reduced her demand for unpaid wages from $1,900 to $900 because she had failed to clock in or out of work on six occasions in the period from 12/20/21 to 1/5/22 and had been out sick on four occasions. In light of these issues, Plaintiff and Defendant agreed to a compromise through which Plaintiff would be credited with 6 full days of work for that period at a rate of $133.33 per day, or about $800 total in unpaid wages. The parties agreed that Defendant would pay an equal amount to compensate Plaintiff for her claim for liquidated damages. Thus, the total payment to Plaintiff by Defendant would be $1,600, representing $800 in unpaid wages and $800 in liquidated damages.

Defendant also agreed to pay $2,000 in attorney's fees and costs to Plaintiff's counsel in full compromise for all work completed in this matter. The Parties expressly

agreed to jointly submit the Agreement to this Court requesting the Court's entry of stipulated judgment approving settlement.

## ARGUMENT AND CITATION OF AUTHORITY

I. **Standard of Review**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit

3

> does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d at 1226. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

## II. Facts and Settlement Terms

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiff which

4

was adversarial in nature. The Parties are represented by experienced employment counsel.

The Parties agree the instant action involves disputed issues of fact and law. For example, there are issues as to whether Plaintiff worked the number of days claimed, and if so, whether Defendant knew or should have known that Plaintiff worked such hours. Specifically, Plaintiff's time sheet reflects a lesser amount of time worked than Plaintiff contends she worked. Plaintiff says that she may have clocked in and out late on several days where she argues she worked longer hours. There are also issues as to whether Defendant was entitled to make deductions from Plaintiff's salary due to full-day absences for sickness or to pay Plaintiff on a pro rata basis during her last week of employment. *See, e.g.*, 29 C.F.R. §§ 541.118(a)(2) & (3); 29 C.F.R. § 541.602(a)(3)(ii).

The Parties are mindful of the costs and risks associated with continued litigation. Plaintiff estimates that, at most, she would be entitled to approximately $1,900, should she prevail. However, she understands that it may be difficult to prove entitlement to this amount and that even if she prevails there is a risk that she may be awarded significantly less than that amount. On the other hand, Defendant is also aware of the costs associated with moving forward with litigation and trial, which can greatly exceed the amount of damages at risk here.

In light of these risks, after exchanging records, and engaging in settlement discussions via telephone and electronic mail, the case was resolved by counsel for the Parties with Plaintiff receiving $800 for unpaid wages and $800 in liquidated damages, for a total of $1,600.

Additionally, Plaintiff is receiving $2,000 (payable to the Plaintiff's counsel) to cover the attorneys' fees and costs she incurred in connection with the instant action. The amount set aside for attorneys' fees and costs was negotiated separately and fees were reduced proportionate to the agreed-upon damages.

The Parties, through their attorneys, voluntarily agreed to the settlement terms of this settlement during negotiations. All Parties were advised and represented by counsel throughout the litigation and settlement process. The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.

### III. Conclusion

The Parties jointly and respectfully request this Court approve the Agreement of the Parties and dismiss the instant action between the Parties with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ Gary L. Printy, Jr., Esq* | */s/ Kevin D. Johnson* |
| **Gary L. Printy, Jr.** | **Kevin D. Johnson** |
| Florida Bar No. 41956 | Florida Bar No. |
| **PRINTY & PRINTY, P.A.** | **JOHNSON JACKSON** |
| 3411 W. Fletcher Ave., Suite A | 100 N Tampa St Suite 2310 |
| Tampa, Florida 33618 | Tampa, Florida 33602 |
| Telephone (813) 434-0649 | Telephone (813) 580-8400 |
| FAX (813) 423-6543 | kjohnson@johnsonjackson.com |
| garyjr@printylawfirm.com | *Attorney for Defendant* |
| e-service@printylawfirm.com | |
| *Attorney for Plaintiff* | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June 2022, I electronically filed the foregoing with CM/ECF which will send a copy via email to all interested

parties.

                                                   */s/Gary L. Printy, Jr., Esq.*
                                                   Gary L. Printy, Jr.